No. 210
CRANE CHOCOLATE CO. v. MAPLE
SYRUP CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4593. Decided Dec. 13, 1923

923. PLEADING—Petition based on unsigned memorandum containing only part of contract and ambiguous in terms held not to state cause of action.

481. EVIDENCE—Evidence as to parol terms of contract not pleaded, held inadmissible.

1063. SALES—Contract for sale of certain sugar to be paid for and delivered in June and same amount to be returned and paid for later is entire contract of sale, and payment and delivery in June constitute part performance.

Sayre, Mauck and Middleton, Sitting
BY THE COURT.
Epitomized Opinion
Published Only in Ohio Law Abstract

Syrup Co. sued Crane Co. in Cuyahoga Common Pleas alleging that Crane Co. loaned Syrup Co. certain granulated sugar for which plaintiff was to give defendant as a pledge for the return thereof $10,792.06. But the sugar was to be returned at a later date in exchange for the money, and that it was all provided for in a writing attached to the petition as an exhibit.

It was further alleged that the Syrup Co. tendered the return of the sugar but upon the Crane Co.'s refusal to accept it, it was sold for $5,489.70, and judgment was prayed for the difference between that sum and the amount paid by Syrup Co. to Crane Co.

The answer was a general denial. The evidence disclosed that the Crane Co. had shipped this sugar to the Syrup Co. to be made into sugar, that the two companies agreed upon a stipulation not signed by either of them, but which provided on the letter head of the Crane Co., "Sold to Johnson Maple Syrup Co. 133 barrels of sugar at $.23 for $10,792.96. Above sugar loaned until September, afterwards to be returned." Syrup Co.'s evidence was to the effect that the company was to take over the sugar and pay a certain sum but was to return an equal amount of the same quality of sugar at a ltaer date, and receive the same sum in return. Crane Co.'s evidence disclosed that the sugar was sold with the understanding that it would be returned to the Crane Co. at a ltaer date at the same price if the Crane Co. desired it. Crane Co., at the outset of the case, objected to the admission of any evidence on the ground that the petition did not state a cause of action, because it relied solely on the alleged agreement, not signed by either party and therefore not satisfying the statute of frauds. Judgment was rendered for the Syrup Co. for the full amount of its claim. In reversing the judgment, the Court of Appeals held:

1. The written memorandum is ambiguous and contains only part of the contract. It shows that the contract is unmistakably a contract partly oral and partly written, and because the part resting in parol is not pleaded, and is essential to the cause of action, the objection of the Crane Co. to the admission of any evidence should have been sustained. The petition does not state a cause of action. If that part of the contract resting in parol, namely that there was a sale of certain sugar to be paid for and delivered in June, and the same amount of sugar to be returned and paid for later, is true, then it was an entire contract of sale, and delivery of the sugar in June and payment therefor took the case out of the statute of frauds, 8384-1 GC.

Attorney—M. A. Copeland, Cleveland for Crane Co.; Miller & Middleton, Bellefontaine, for Maple Syrup Co.